**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Carlos Abel CASILLAS, aka Seal H;**
**Carlos Abel Casillas, Tetiro,**
**Defendant—Appellant.**

No. 07–50038.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 8, 2008.*

Filed Dec. 22, 2008.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Mark A. Young, Esq., Michael J. Raphael, Esq., USLA–Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Winston Kevin McKesson, Law Offices of Winston K. McKesson, Beverly Hills, CA, for Defendant–Appellant.

Before: BRUNETTI, SILVERMAN and BEA, Circuit Judges.

## MEMORANDUM **

Carlos Abel Casillas was charged by federal authorities with racketeering and drug-dealing crimes allegedly committed as one of the leaders of the Southern California Vineland Boys Street Gang ("VBS"). Rather than stand trial, Casillas pleaded guilty pursuant to a written plea agreement. Casillas pleaded guilty to one count each of violating 18 U.S.C. § 1962(d) (racketeering); 21 U.S.C. § 846 (conspiracy to distribute at least 500 grams of a substance containing a detectable amount of methamphetamine); and 21 U.S.C. § 841(a), b(1)(A) (aiding and abetting possession with intent to distribute at least 500 grams of a substance containing a

detectable amount of methamphetamine). Casillas admitted he joined the VBS in 1987 and, by 2002, had risen to a supervisory position within the organization; Casillas further admitted he helped the VBS distribute approximately ten kilograms of methamphetamine. The district court sentenced Casillas to 235 months imprisonment.

In the plea agreement, Casillas reserved the right to appeal the district court's order denying his motion to suppress evidence procured through a wiretap on his telephone, on the grounds the application for the wiretap warrant was defective.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review factual findings underlying the grant of an application for a wiretap for abuse of discretion. *United States v. Canales Gomez*, 358 F.3d 1221, 1225 (9th Cir.2004). We affirm the district court's order denying Casillas' motion to suppress.[1]

To issue a warrant authorizing a wiretap, a district court judge must find probable cause to believe the following:

(1) that an individual is committing, has committed, or is about to commit specified offenses, including product tampering and obstruction of justice, 18 U.S.C. § 2518(3)(a); (2) that communications relevant to that offense will be intercepted through the wiretap, *id.* § 2518(3)(b); and (3) that the individual who is the focus of the wiretap investigation will use the tapped phone, *id.* § 2518(3)(d). Looking only to the four corners of the wiretap application, we will uphold the wiretap if there is a "substantial basis" for these findings of probable cause.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. The parties are familiar with the facts. We discuss them only as necessary to our decision.

*United States v. Meling,* 47 F.3d 1546, 1551–52 (9th Cir.1995). It is the appellant's burden to prove the trial court abused its discretion. *Id.* at 1553. Casillas has failed to so prove. First, by failing to provide this court with the original order allowing the wiretap, Casillas has failed to prove the district court did not make the required findings. But, technically, Casillas is appealing the order denying his motion to suppress, so that is the order we analyze.

The district court specifically found that: (1) "each of the wire orders standing alone that were issued in this case were supported by ample probable cause as to each of the Defendants"; (2) the affidavit proved the requirement of necessity as set forth in 18 U.S.C. §§ 2518(1)(c) and (3)(c) because the affidavit proved that "normal or traditional investigative procedures have been tried and failed[,] reasonably appear unlikely to succeed if tried or are too dangerous to try"; (3) "each application and affidavit independently and standing alone as to each defendant separately satisfies the full and complete statement requirement of the statute"; (4) "[t]he government established clear and attainable goals for the investigation which were the identification and dismantling of the VBS Enterprise in its drug trafficking activities"; and (5) and the government proved that "as to each of the Defendants, each of the affidavits sufficiently explained the traditional investigative techniques have been tried and failed and such techniques were unlikely to succeed or were too dangerous."

The court then discussed in detail each of several traditional investigative techniques and concluded they had either proved too dangerous (such as the use of confidential informants, which resulted in one confidential source being "green lighted for death", another one having his fami-ly threatened, and two others being shot by VBS gang members) or had proved useless, such as financial investigations, search warrants, pen registers, and trash searches.

These findings are supported by the record. The affidavit filed in support of the warrant alleged the following: Casillas was a leading member of the VBS gang, engaged in racketeering and drug trafficking. The police already had evidence from another wiretap on a different suspect's telephone that Casillas was reporting gang activities to the leader of the gang, and reporting the efforts of the police to locate the gang members. The police had seen Casillas at a suspected drug transaction. He had made calls to and received calls from other known drug traffickers and gang members. In addition, a confidential jailhouse informant identified Casillas as a member of the VBS gang.

Therefore, the warrant provides sufficient evidence to establish: (1) probable cause that Casillas was committing a specific crime and was using his telephone in furtherance of such crime (racketeering and drug trafficking); (2) the necessity of the wiretap because traditional methods of investigation had proved either useless or dangerous (including two confidential informants who had been shot); and (3) the futility of trying other methods of investigation because the gang members knew they were being targeted by the police (as illustrated by Casillas' telephone conversation on another tapped phone where he told the leader of the gang they were being watched, and his counter-surveillance driving techniques).

**AFFIRMED.**